### J. S. Cox v. Owen Lloyd.

(No. 846, Op. Book No. 3, p. 471.)

APPEAL from Bexar County.   Opinion by HURT, J.

§ **123.** *Joinder of causes of action.*   If A. takes the property of B., B. has the right to sequester and thereby regain possession of his property.   If the property was taken by A. in a vindictive, insulting or malicious manner, B. has the right to recover of A. exemplary damages. If B. has incurred expense in making search for his property taken by A., the necessity for such being caused by the act of A., he is entitled to recover reasonable compensation therefor; and under our system of practice these several matters may be joined in the same suit.

February 2, 1881.          Reversed and remanded.

---

### ISA SMITH v. E. G. CHILES.

(No. 1172, Op. Book No. 3, p. 473.)

APPEAL from Grayson County.   Opinion by HURT, J.

§ **124.** *Handwriting; proof of, by comparison.*   Handwriting may be proved by comparison, that is, by comparing the handwriting of a signature or document admitted to be genuine, and already in the case, with the signature or document in dispute.   Thus, the disputed signature of the alleged maker of a note sued upon may be proved by comparing it with the admitted signature of the maker to a deposition in evidence in the case. [1 Greenl. Ev. § 578.]   See, also, a full discussion of proof of handwriting by comparison in Phillips v. The State, 6 Ct. App. 364; Hatch v. State, id. 384; Heard v. State, 9 Ct. App. 1.

January 29, 1881.          Reversed and remanded.